UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BROOKSIDE PROPERTIES, INC., | }<br>}<br>} |
| Plaintiff, | }<br>} |
| v. | } Case No.: 2:19-CV-1170-RDP |
| HENRY JOHNSON, III, | }<br>}<br>} |
| Defendant. | |

## MEMORANDUM OPINION

This case is before the court on Defendant Henry Johnson, III's ("Defendant") Notice of Removal and Motion to Proceed In Forma Pauperis. Plaintiff Brookside Properties, Inc. ("Plaintiff"), agent for Marq Vestavia Apartments, commenced this action against Defendant in the District Court of Jefferson County, Alabama, by filing a form complaint for eviction or unlawful detainer. (Doc. 1-1). Defendant removed this action on July 23, 2019. (Doc. 1). He simultaneously filed a motion to proceed in forma pauperis. (Doc. 2). Defendant's motion to proceed in forma pauperis is moot, and for the reasons discussed below, Defendant's claims are due to be dismissed.

**I.      Background**

Plaintiff brought legal proceedings against Defendant on June 24, 2019 in the District Court of Jefferson County, Alabama. (Doc # 1-1 at 1). Plaintiff claimed that Defendant "willfully failed to pay rent [and] late fees in accordance with the lease agreement" after timely notice, and that he failed to "return possession of the leased premises after the lease agreement was properly terminated." (Doc. # 1-1 at 1). Plaintiff seeks $5,405.12, plus attorney's fees and reasonable costs. (Doc. # 1-1 at 1).

1

Defendant removed this case on July 23, 2019 and was assigned to Magistrate Judge Staci G. Cornelius. (Doc. # 1). Also on July 23, 2019, Plaintiff filed a motion to proceed in forma pauperis. (Doc. # 2). In his Notice of Removal, Defendant claims that Plaintiff's state court complaint was filed in violation of the "Uniform Commercial Code . . . 15 U.S.C. [§] 1692," and that pursuant to 28 U.S.C. [§] 1441(b), the state court cannot "proceed with any eviction against the petitioner until it is remanded or so ordered from the United States District Court." (Doc. # 1 at 1).

On August 8, 2019, Magistrate Judge Cornelius issued an order to show cause why the matter should not be remanded for lack of subject-matter jurisdiction. (Doc. # 4). Defendant failed to respond within the required ten (10) days, and on August 28, 2019, this case was reassigned the to the undersigned. (Doc. # 6).

## II.     Legal Standard

The court has an obligation to inquire into its own jurisdiction. *Univ. S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[R]emoval jurisdiction is no exception to . . . [this] obligation"). Under 28 U.S.C. § 1441(a), a defendant may remove an action brought in state court to a United States district court that has original jurisdiction. A district court has original jurisdiction over claims brought under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). With federal question jurisdiction, "[a]s a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Conn. St. Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). The well-pleaded complaint rule governs whether a federal question does in fact exist on a plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Relatedly, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharmaceuticals Inc. v.*

*Thompson*, 479 U.S. 804, 810 n.6 (1086). And, while "[a] court should afford pro se litigants wide leeway in their pleadings," the pleadings must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

With respect to diversity jurisdiction, there must be complete diversity among the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Underwriters at Llyod's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). A "party commencing suit in federal court [under § 1332] . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters*, 613 F.3d at 1085. Specifically, the party must provide sufficient evidence--such as domicile of each party, the amount of damages sought--to support a finding of both complete diversity and satisfaction of the amount in controversy. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

**III. Analysis**

Defendant contends that jurisdiction is proper in this court. However, Defendant has utterly failed to specifically plead why this court may exercise subject-matter jurisdiction over this case. In his Notice of Removal, Defendant alleges that Brookside Properties, Inc. is registered and headquartered in Tennessee and that Marq Vestavia Apartments is registered in Alabama. (Doc. # 4 at 2). This seemingly is Defendant's basis for diversity jurisdiction. However, in the very next sentence, Defendant contends that Plaintiff's lawsuit against him violates" the Uniform Commercial Code of 15 U.S.C. [§] 1692" and that Plaintiffs "are attempting to collect a debt in violation of the Fair Debt Collection Practices Act of 15 U.S.C. [§] 1692." (Doc. # 4 at 2). To the extent this is an attempt to plead federal question jurisdiction, for the reasons discussed below, the

court finds that it does not have subject-matter jurisdiction over Defendant's claim, and that Defendant's case is due to be remanded.

First, with regard to diversity jurisdiction, although Defendant half-heartedly states where Plaintiffs are domiciled, he wholly fails to specify where he is domiciled. Defendant's home address is located on the Notice of Removal, and Plaintiff's state-court complaint, though redacted, contains Defendant's home address. But, he has not alleged or shown in which state is a citizen. This defect precludes the court from being able to determine that there is complete diversity among the parties.[1]

More critically, and even if the parties are completely diverse, Defendant has not come close to alleging that the amount in controversy is satisfied. Plaintiff's claims are approximately $5,045.12. (Doc. # 4 at 5). He also seeks attorney's fees and costs, but he is not represented by counsel. Thus, as he cannot claim any amount for fees, it is clear that the amount in controversy is well below the jurisdictional threshold of $75,000. *Nationwide Prop. and Casualty Ins. Co. v. Dubose*, 180 F. Supp. 3d 1068, 1071 (S.D. Ala. 2016) ("[T]he party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the *jurisdictional minimum*." (emphasis added)). Therefore, the court finds that Defendant fails to sufficiently plead a basis for diversity jurisdiction.

Second, with respect to federal question jurisdiction, Defendant has failed to satisfy the well-pleaded complaint rule. Notwithstanding Defendant's reliance on 15 U.S.C. § 1692, it is well-settled that "a defendant may not remove a case to federal court unless the *plaintiff* 's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. V. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 11 (1983). There is no federal claim

---

[1] Quite frankly, it appears Plaintiff is a citizen of Alabama. And, given that he appears to allege that Marq Apartments is also a citizen of Alabama, it seems clear that there is not complete diversity between the parties.

asserted in Plaintiff's state-court complaint. Rather, it consists wholly of state-law claims seeking state-law remedies. To be sure, Plaintiff's state-court complaint specifically cites to Alabama's landlord-tenant act as the basis for its claims. (Doc. # 1-1 at 1); *see* Ala. Code 35-9A-302; 35-9A-421.

As Judge Cornelius correctly concluded, the Notice of Removal fails to provide a basis for exercising federal question jurisdiction. (Doc. # 4 at 5). Specifically, Judge Cornelius noted that:

> the plaintiff's complaint does not assert a claim under federal law. Rather, it asserts a claim for unlawful detainer or eviction under Alabama law. Moreover, to the extent Mr. Johnson's references to the Fair Debt Collection Practices Act, a federal statute, indicate his intent to assert a federal defense or counterclaim in response to the plaintiff's state law claim, [which] does not create federal question jurisdiction.

(Doc. # 4 at 5).

This court lacks federal subject-matter jurisdiction over Defendant's claim.

**IV. Conclusion**

For the reasons stated above, Defendant's case is due to be remanded. An Order consistent with this Memorandum will follow.

**DONE** and **ORDERED** this September 4, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE